UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61890-JEM

PATRICIA KENNEDY, individually,

    Plaintiff,

v.

ANU, INC. d/b/a BOCA INN, a Florida Corporation,

    Defendant.
_____/

## MOTION TO DISMISS

Defendant, ANU, INC. d/b/a BOCA INN, a Florida Corporation, (ANU) moves to dismiss Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (Plaintiff) Complaint [DE 1], and further states:

1. <u>Overview of Motion</u>:  Plaintiff alleges that ANU failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). ANU moves to dismiss Plaintiff's Complaint for failure to allege a nexus between the allegedly violative websites and ANU's place of public accommodation.  Plaintiff complains that third party websites, *not* ANU's website, fail to comply with the requirements set forth in 28 C.F.R. Section 36.302(e) because the websites did not contain options to book accessible rooms.  Nowhere does Plaintiff allege how ANU controlled or otherwise caused the third-party aggregator websites to violate the ADA.

2. <u>Discriminatory Acts Alleged in this Americans with Disability Act (ADA) proceeding</u>: The sole basis of Plaintiff's Complaint is found in Paragraph 10, where Plaintiff alleges:



Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains a website for the Property which contains an online reservations system. Specifically, **booking.com** had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "facilities for disabled guests". **Hotels.com** had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel. **Expedia.com** had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel. **Orbitz.com** had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel. **Priceline.com** had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "accessible rooms/facilities".

There is not a single allegation concerning ANU's website or its physical facilities.

3. <u>Content Aggregators</u>: A content aggregator website is a site that collects data from other sources across the internet and puts the information in one place where users can access it. The data collected is based on a keyword or a group of related keywords. Travel sites, such as the ones identified in Plaintiff's Complaint, are content aggregators. ANU is not affiliated with the content aggregators.

4. <u>Law Requires Nexus between Website and Physical Site</u>: As articulated in *Fuller v. Mazal Grp. LLC,* No. 18-CV-60456-BB, 2018 WL 3584700, at *3 (S.D. Fla. July 25, 2018):

District courts within the Eleventh Circuit that have addressed whether websites are places of public accommodation have uniformly held that a website is not a place of public accommodation if it is not connected to a physical place in some way. *See, e.g., Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1320 (S.D. Fla. 2017); *Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, 2017 WL 1957182 (S.D. Fla. Feb. 2, 2017) (holding that a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA); *Access Now, Inc. v. Sw. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (dismissing complaint because the plaintiffs failed to establish a nexus between the website and a physical place); *Kidwell v. Florida Comm'n on Human Relations*, No. 16-403, 2017 WL 176897, at *4 (M.D. Fla. Jan. 17, 2017) (holding that a website is not a public accommodation under the ADA if it does not prevent access to a "specific, physical, concrete space"). However, if a plaintiff can establish a nexus between the website and the physical premises of a public accommodation, district courts in the Eleventh Circuit have held that a website is subject to the ADA. *See, e.g. Bang & Olufsen Am., Inc.*, 2017 WL 1957182,

2



at *3 (citing *Rendon* for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss); *Access Now*, 227 F. Supp. 2d at 1320; *see also Fuller*, 2018 WL 3387692. *Fuller v. Mazal Grp. LLC,* No. 18-CV-60456-BB, 2018 WL 3584700, at *3 (S.D. Fla. July 25, 2018)

5. <u>Plaintiff Fails to Allege Nexus</u>:  There is no connection alleged between the third-party content aggregator websites and ANU. Without a nexus between the websites and ANU, there is simply no nexus between the websites and the ANU's physical space, or even its own website

6. <u>Good Faith Conferral</u>:  Prior to filing this motion, ANU's counsel communicated these concerns to Plaintiff's counsel, but was unable to reach an agreement on how the matter should be handled.

**WHEREFORE** Defendant, ANU, INC. d/b/a BOCA INN, a Florida Corporation, (ANU) respectfully requests this Honorable Court dismiss PLAINTIFF's Complaint, deny any request by PLAINTIFF for attorney's fees, including costs, and grant such other and further relief as the Court deems just and proper.

**KATZ BARRON**
*Attorneys for DEFENDANT*
100 N.E. Third Avenue, #280
Fort Lauderdale, FL   33301
Telephone: (954) 522-3636
Facsimile: (954) 331-2505
Primary E-mail: ktg@katzbarron.com
Secondary E-mail: sml@katzbarron.com
miaefile@katzbarron.com

By: */s/ Keith T. Grumer*
    KEITH T. GRUMER
    Florida Bar No. 504416



Motion to Dismiss
*Kennedy v. ANU, Inc.*
Case 0:19-cv-61890-JEM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 3, 2019, a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive electronic notifications in this matter.

/s/    *Keith T. Grumer*
Keith T. Grumer
